**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                       **1:09-CR-26 (NAM)**

    **vs.**

**WILLIAM J. CASEY,**

        **Defendant.**
_____

**APPEARANCES**                                           **OF COUNSEL:**

ANDREW T. BAXTER                           Richard D. Belliss, Esq.
United States Attorney                            Assistant U.S. Attorney
Northern District of New York
445 Broadway
Albany, New York  12207

ALEXANDER BUNIN                            George Baird, Esq.
Federal Public Defender                       Assistant Federal Public Defender
39 North Pearl Street
5th Floor
Albany, New York 12207

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Defendant William J. Casey is charged in an indictment with seven counts stemming from allegations that he knowingly and willfully made false statements in connection with his application for, and receipt of, federal workers' compensation benefits, in violation of 18 U.S.C. § 1920.  Specifically, according to the indictment, while receiving federal workers' compensation benefits based on a medical condition, defendant submitted forms to the United States Department of Labor in which he allegedly failed to indicate that his medical condition had

improved and did not "accurately and fully report the activities and physical demands", income, and description of his self-employment.  Presently before the Court is defendant's omnibus motion seeking an order: (1) dismissing counts 1, 2, 3, 4, 5, and 7 of the indictment for lack of proof; (2) directing the government to comply with discovery requests; and (3) granting such other relief as the Court deems just and proper.  The government opposes defendant's motion.

## BACKGROUND

According to the government, on September 30, 1991, defendant submitted documentation claiming he stepped on jewelry cleaning equipment and fell while performing custodial duties at the Glens Falls, New York Post Office.  Defendant claimed his back was injured as a result of the fall, and on November 29, 1991, underwent a laminectomy for treatment of his back pain.  Following the injury, defendant claimed lower back pain prevented him from working his normal eight hour shift of custodial duties, and began receiving federal workers' compensation benefits.  On March 17, 1993, the Postal Service offered, and defendant accepted, a "limited duty position" requiring him to work four hours per day sorting mail.  Under this arrangement, defendant received wages for four hours of actual work and four hours worth of federal workers' compensation benefits.

In 2008, defendant was returned to limited custodial duties for four hours per day, received three hours per day of federal workers' compensation benefits, and one hour per day of leave without pay.  In mid-2008, according to the government, defendant was returned to eight hours per day of full custodial duties subject to a few lifting restrictions.

The United States Postal Service, Office of Inspector General conducted video surveillance of defendant during his off-duty hours on multiple occasions between February and

2

June 2008. The government alleges that surveillance captured defendant performing manual labor tasks that were inconsistent with the medical limitations defendant claimed in the forms he filed with the Department of Labor.

## DISCUSSION

### *Motion to Dismiss*

Defendant moves to dismiss Counts 1, 2, 3, 4, 5 and 7 of the indictment on the basis that the government cannot adduce medical evidence showing "that the defendant's medical condition had appreciably improved from when the partial disability began". Specifically, defendant asserts that Dr. Robert G. Sellig of Adirondack Orthopedic, "the government's key expert witness who opined that the defendant's medical condition had improved has, post-indictment, recanted and now says in effect that Mr. Casey's medical condition has not improved and that he would keep him on the same work restrictions." The government "does not dispute the change in Dr. Sellig's statements" but argues that "Dr. Sellig's change in statements" does not merit dismissal of the indictment prior to trial for insufficiency of the evidence.

The Second Circuit has stated that "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998). Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a]ny defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995).

In this case, defendant asserts that without medical evidence showing defendant's condition appreciably improved, the government cannot prove defendant's "medical condition had changed during the time periods set forth in the EN 1032 forms . . . and . . . that the defendant filled out the respective [forms] incorrectly or fraudulently." Therefore, defendant argues, Counts 1, 2, 3, 4, 5, and 7 must be dismissed.

Defendant's argument is premature. The government has not made a full proffer of the evidence it intends to introduce at trial. Moreover, the question of the sufficiency of the evidence on the issue of changes in defendant's medical condition goes to whether defendant is guilty of the offenses charged, and is a question to be determined at trial. Accordingly, defendant's pre-trial motion to dismiss the indictment is denied.

### *Additional Motions*

Defendant "reserves the right to make additional motions if necessary in the event that additional items of discovery are received." Defendant may make additional motions only for good cause shown should additional discovery produce new material facts and issues.

### *Brady v. Maryland Evidence*

Defendant requests that the Court direct the government to provide all evidence required by *Brady v. Maryland*, 373 U.S. 83 (1963). The government asserts that it has provided defendant with "all evidence in its possession" that falls within *Brady's* ambit. Accordingly, defendant's motion for *Brady* material is denied.

### *Prior Bad Act Evidence*

Defendant requests an order pursuant to Rules 404(b) and 609(a) of the Federal Rules of Evidence directing the government to disclose all prior bad acts or convictions it intends to use

4

against him at trial.  Defendant also seeks an order precluding the government from introducing any such evidence at trial on the basis that the prejudicial effect outweighs the probative value.  In response, the government states that "it does not intend to offer an[y] evidence pursuant to Federal Rules of Evidence 404(b) and 609(a)."  Accordingly, defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Date:  October 22, 2009

_____
Norman A. Mordue
Chief United States District Court Judge